*Attachment 9B to Deferred Prosecution Agreement*
*United States v. McKinsey & Company, Inc. United States*                    <u>Stipulation for Compromise Settlement</u>

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) No. 1:24-cv-00063 |
| | ) |
| **MCKINSEY & COMPANY, INC.** | ) |
| **UNITED STATES** | ) |

## <u>STIPULATION FOR COMPROMISE SETTLEMENT</u>

It is hereby stipulated by and between the plaintiff, United States of America, and McKinsey & Company, Inc., United States ("MCKINSEY US"), by counsel, that the parties do hereby agree to settle and compromise the above-entitled action upon the following terms:

1. The United States alleges that the defendant property was involved in a violation of 18 U.S.C. § 1957 as set forth in the Complaint for Forfeiture *in rem* filed herein and is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(l)(A). Pursuant to agreement with the United States and in order to compromise the claim, MCKINSEY US has agreed not to contest the allegation by the United States, solely for purposes of this Stipulation for Compromise Settlement. It is understood and agreed by the parties that this Stipulation is for the compromise of a disputed claim and is not to be construed as an admission by MCKINSEY US that the defendant property was involved in said violation as alleged by the United States.

2. The United States agrees to waive the filing of a claim and answer by

*Attachment 9B to Deferred Prosecution Agreement*
*United States v. McKinsey & Company, Inc. United States* **Stipulation for Compromise Settlement**

MCKINSEY US and MCKINSEY US agrees to waive the requirement of Rule G(2)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3. In accordance with 19 U.S.C. § 1613(c), the United States agrees to accept the sum of $93,546,499 (ninety-three million five hundred forty-six thousand four hundred ninety-nine dollars) from MCKINSEY US in settlement of this action. The settlement sum shall be remitted in the form of certified funds, made payable to the U.S. Department of Justice, and submitted to the U.S. Attorney's Office, or via wire transfer, per instructions provided by the United States.

4. On or before December 16, 2024, MCKINSEY US shall remit no less than $46,773,249.50 (forty-six million seven hundred seventy-three thousand two hundred forty-nine dollars and fifty cents).

5. On or before December 16, 2025, MCKINSEY US shall remit no less than $15,591,083.17 (fifteen million five hundred ninety-one thousand eighty-three dollars and seventeen cents).

6. On or before December 16, 2026, MCKINSEY US shall remit no less than $15,591,083.17 (fifteen million five hundred ninety-one thousand eighty-three dollars and seventeen cents).

7. On or before December 16, 2027, MCKINSEY US shall remit no less than $15,591,083.16 (fifteen million five hundred ninety-one thousand eighty-three dollars and sixteen cents) plus all accrued simple interest from December 1, 2024, at the rate of 4.34%

*Attachment 9B to Deferred Prosecution Agreement*
*United States v. McKinsey & Company, Inc. United States*                                   **Stipulation for Compromise Settlement**

per annum on the entire settlement amount.

8. Pursuant to the terms of the Security Agreement (the "Security Agreement") (Attachment 6 to the Deferred Prosecution Agreement), MCKINSEY US agrees to provide the United States, on the Effective Date of this Agreement and all times thereafter, a first priority security interest and lien on accounts receivables or other collateral as provided in the Security Agreement (the "Collateral"), in an aggregate amount equal to, on any date of determination, the lesser of (a) $300,000,000 (three hundred million dollars) and (b) 110% of the outstanding balance of unpaid obligations. MCKINSEY US shall execute and deliver such agreements, financing statements and other collateral documents as may be required from time to time pursuant to the terms of the Security Agreement, including for purposes of granting, maintaining or perfecting the United States' lien on the Collateral. The United States shall release its lien on the Collateral as provided in the Security Agreement.

9. MCKINSEY US agrees to sign an Agreed Order of Forfeiture in connection with this Stipulation, and agrees that this forfeiture action will be stayed until further order of the Court. Upon submission of the final payment, the United States will submit a Notice of Compliance to the Court. Upon entry by the Court, this matter will be removed from the Court's active docket. MCKINSEY US understands and agrees that the Court will retain jurisdiction over this matter until the Notice of Compliance is entered by the Court, notwithstanding the Agreed Order of Forfeiture.

*Exhibit A (Attachment 9B) to Agreed Order Compelling Compliance*
*In re: McKinsey & Company, Inc.*

*Attachment 9B to Deferred Prosecution Agreement*  
*United States v. McKinsey & Company, Inc. United States* **Stipulation for Compromise Settlement**

10. If any payment is not made as set forth in this Order, the United States will be entitled to proceed with this forfeiture action, without limitation in amending the complaint, adding in or substituting the legal interest represented by the lien referenced in Paragraph 8 as a *res* in this action, or taking other such action necessary to preserve the government's interest. MCKINSEY US understands and agrees that the United States will be entitled to proceed to summary judgment against the legal interest represented by the lien referenced in Paragraph 8 without further proof.

11. Contingent upon the United States filing the Notice of Compliance, MCKINSEY US hereby releases and forever discharges the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which its, heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure and detention of the defendant property.

12. Contingent upon the United States filing the Notice of Compliance, MCKINSEY US further agrees to hold and save the United States, its servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure and/or detention of the defendant property.

*In re: McKinsey & Company, Inc.*  
Page 4 of 5

*Attachment 9B to Deferred Prosecution Agreement*
*United States v. McKinsey & Company, Inc. United States*                               **Stipulation for Compromise Settlement**

13. Contingent upon the United States filing the Notice of Compliance, MCKINSEY US waives all rights to costs and attorneys' fees under any provision of law.

**Seen and Agreed To:**

Date: 12/11/24

Krista Consiglio Frith
*Assistant United States Attorney*

Date: 12/10/24

Jonathan B. Slonim
*Deputy General Counsel*
*Head of Legal, Americas*
*Partner of McKinsey & Company, Inc.*
*Vice President of McKinsey & Company, Inc. United States*

Date: 12/10/24

Charles E. Duross
Morrison & Foerster LLP
*Counsel for McKinsey & Company, Inc., United States*

**APPROVED AND SO ORDERED:**

United States District Judge